IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| AMERICAN AIRLINES, INC., a corporation, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. _____ |
| JOSEPH MARQUEZ, an individual (D/B/A American Eagle Taxi Lines), | ) ) ) | |
| Defendant. | ) | |

## COMPLAINT FOR TRADEMARK INFRINGEMENT AND RELATED CLAIMS

Plaintiff American Airlines, Inc. ("Plaintiff" or "American Airlines") brings this complaint against Joseph Marquez, an individual (D/B/A American Eagle Taxi Lines) ("Defendant" or "American Eagle Taxi" or "Marquez"), to halt his acts of trademark infringement, deception and unfair competition as more fully described below.  As its complaint against American Eagle Taxi, American Airlines alleges as follows:

## Nature of Action

1.      This is an action for federal trademark infringement in violation of the Federal Trademark Act, 15 U.S.C. § 1114(1); federal unfair competition in violation of the Federal Trademark Act, 15 U.S.C. § 1125(a); deceptive trade practices under the laws of Georgia, O.C.G.A. § 10-1-370, et seq.; unfair competition under the laws of Georgia, O.C.G.A . § 23-2-55; and trademark infringement and unfair competition under Georgia common law.

2.      The fundamental purpose of trademark law is to protect consumers from being confused as to the source or affiliation of the products or services that they seek to buy.  In order to assist consumers in making informed decisions, trademark law encourages companies to develop brand names to differentiate their products and services within the marketplace.  This is accomplished by legally limiting a brand's use to the brand's owner.

3.      Unfortunately, some individuals and entities attempt to take advantage of consumers by marketing their products or services using the brands of others thereby confusing or deceiving consumers into purchasing their products or services.  In effect, they seek a free ride on the reputation and goodwill of another's brand.  This lawsuit involves such a situation.  In this case, an individual and his company seek to trade on the goodwill of American Airlines' famous

brands by using AMERICAN and AMERICAN EAGLE marks and logos,

including the Scissor Eagle Design (  ), to deceive and confuse consumers,

particularly travelers, into purchasing Defendant's taxi services.   Defendant's

blatant infringing activity is illustrated by the logos it has adopted, examples of

which are depicted below:



There can be no doubt that Defendant has knowingly and willfully committed

these infringements.

## The Parties

4.      Plaintiff American Airlines, Inc. ("Plaintiff" or "American Airlines")

is a Delaware corporation with a principal place of business at 4333 Amon Carter

Boulevard, Fort Worth, Texas  76155.

5.      Upon information and belief, defendant Joseph Marquez ("Defendant"

or "Marquez") resides at 824 Seasons Parkway, Norcross, GA 30093 and conducts

a business under the name American Eagle Taxi Lines, an unincorporated business, with its principal place of business located at 1234 Beaver Ruin Rd., Ste. 103b, Norcross, GA.

6.     Upon information and belief, Marquez is the sole owner of American Eagle Taxi, and is the conscious, dominant and active force behind the wrongful acts of American Eagle Taxi complained of herein, such wrongful acts being engaged in for the benefit of American Eagle Taxi and for Marquez's own individual gain and benefit.

## Jurisdiction and Venue

7.     This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a).  This Court has jurisdiction over Plaintiff's related common law claims under 28 U.S.C. § 1338(b) and the doctrine of supplemental jurisdiction pursuant to 28 U.S.C. § 1367.  Venue is proper in this district under 28 U.S.C. § 1391, because Defendant resides in and is doing business in the district, the claims arose in this district and a substantial part of the events giving rise to the claims occurred in this district.

8. This Court has jurisdiction over Defendant in that Defendant is located in this judicial district, transacts business in this judicial district, has committed tortious acts in this district, and is engaging in advertising, promotion and sales directed towards residents of the district.

### Plaintiff and Its AMERICAN EAGLE and AMERICAN AIRLINES Marks

9. American Airlines is one of the world's largest airlines. Together with its affiliates, American Airlines serves 250 cities in over forty countries, with more than 4,000 daily flights in over 1,000 aircraft. American Airlines enjoys a reputation in the United States and internationally as a premier airline.

10. In 1984, American Airlines launched the American Eagle airline network, which is now among the largest regional airline systems in the world with over 1,800 daily flights to more than 150 cities throughout the United States, Canada, the Bahamas, the Caribbean and Mexico.

11. American Airlines has a rich history. American Airlines draws its roots from scores of aviation companies founded in the 1920s. The Aviation Corporation was formed in 1928 to acquire many of these young aviation companies. In 1930, the Aviation Corporation's airline subsidiaries were

incorporated into American Airways, Inc.  In 1934, American Airways became American Airlines, Inc.

12.    On June 25, 1936, American Airlines was the first airline to fly the Douglas DC-3 in commercial service.  On February 16, 1937, American Airlines carried its one-millionth passenger.  American Airlines began trading on the New York Stock Exchange on June 10, 1939.  By the end of the decade, American Airlines was the nation's number one domestic air carrier in terms of revenue passenger miles.

13.    In 1981, American Airlines introduced the AADVANTAGE travel awards program, a revolutionary marketing program to reward frequent fliers. There are currently more than 65 million AADVANTAGE members worldwide and approximately 55 million AADVANTAGE program members in the United States.

14.    In 1995, American Airlines launched its World Wide Web site AA.com, which is now available on the Internet at www.aa.com, www.americanairlines.com, and other URLs.  American Airlines' AA.com web site provides users with easy access to check and book fares on American Airlines and American Eagle flights.  On its AA.com web site, American Airlines also offers information about its products and services, as well as the opportunity to

purchase such products and services and perform many other travel-related

functions such as flight check-in and purchasing upgrades.

15.     As a result of this long history of pioneering air travel, the American

Airlines and American Eagle brands are synonymous with high quality travel and

transportation services in the United States.  For nearly 80 years American Airlines

has developed global name-recognition and goodwill in the AMERICAN

AIRLINES mark, and for nearly 30 years American Airlines has developed

valuable name-recognition and goodwill in the AMERICAN EAGLE mark.  Such

name recognition and goodwill was developed long prior to Defendant's acts

described herein, and American Airlines and American Eagle have become

household names.

16.     In connection with its business, American Airlines has used and

continues to use the trade name American Airlines and the trademark and service

marks AMERICAN and AMERICAN AIRLINES, both alone and in connection

with other words and designs, including without limitation the well-known Scissor

Eagle Logo (  )  (collectively hereinafter the "American Airlines Marks").

17.     In connection with the American Eagle business, American Airlines,

through its licensee American Eagle, has used and continues to use the trademark

and service mark AMERICAN EAGLE, both alone and in connection with other words and designs (hereinafter the "American Eagle Marks").

18.    American Airlines has invested hundreds of millions of dollars in worldwide advertising and marketing in order to build the fame, reputation, and goodwill of the American Airlines Marks and American Eagle Marks.  American Airlines advertises through a variety of media, including television, radio, newspapers, magazines, direct mail, on billboards and in telephone directories across the country.  American Airlines extensively uses its marks at airports, on its planes, throughout its terminals, and on ground transportation vehicles.  American Airlines also promotes its products and services on the Internet, via its own websites and through advertising on the websites of third parties.

19.    To enhance and give public notice of its trademark rights, American Airlines has obtained numerous federal trademark registrations for many of its American Airlines Marks and American Eagle Marks, the overwhelming majority of which have been in continuous use for more than five years and are therefore considered "incontestable" pursuant to Section 15 of the U.S. Trademark Act, also known as the Lanham Act, 15 U.S.C. § 1115(b).  Those incontestable registrations include, but are not limited to the following registrations, printouts of which are attached as Exhibit A:

- AMERICAN AIRLINES, U.S. Registration No. 514,294.  Registered on August 23, 1949 for "air transport of passengers and freight," based on first use in commerce in 1934.



- U.S. Reg. No. 785,759. Registered on April 20, 1964 for "transport of passengers and freight" based on first use in commerce in 1962.

- AMERICAN EAGLE, U.S. Reg. No. 1,388,600. Registered on April 1, 1986 for "passenger and freight air travel services," based on first use in commerce in 1984.

- U.S. Reg. No. 1,832,926. Registered on April 26, 1994 for "transportation of passengers and cargo by air" based on first use in commerce in 1969.

- U.S. Reg. No. 2,770,993 covering the livery of the American Eagle aircraft, including the mark AMERICAN EAGLE and design. Registered on October 7, 2003 for "transportation services, namely transportation of passengers and cargo" based on first use in commerce in 1998.

20.    In addition to its registered rights, American Airlines has strong common-law rights in the American Airlines Marks and American Eagle Marks by virtue of the extensive prior use and promotion of the marks in commerce.

21.    Through American Airlines' longstanding use of the marks and promotional activities related to the marks, and due to their widespread and favorable public acceptance and recognition, the American Airlines Marks and American Eagle Marks have become distinctive designations of the source of origin of American Airlines' goods and services.  The American Airlines Marks and American Eagle Marks have become uniquely associated with American Airlines and its high quality goods and services.  These marks are assets of incalculable value as symbols of American Airlines, its quality goods and services, and its goodwill.

22.    The American Airlines Marks and American Eagle Marks have achieved a significant and lasting presence in the marketplace, causing the marks to achieve high recognition and value among consumers.  Indeed, The American

Airlines Marks and American Eagle Marks serve as unique and well-known source

identifiers for American Airlines and its various travel, transportation and other

services.

## Events Leading to the Present Lawsuit

23.     Recently, it came to American Airlines' attention that American Eagle

Taxi has blatantly misappropriated the American Airlines Marks and American

Eagle Marks and is using them on the side of taxi-cabs, in print advertisements,

and in Internet advertising in order to confuse consumers into believing that

Defendant's taxi services are sponsored by, affiliated with, or connected to

American Airlines and/or American Eagle.   Defendant's egregious infringing

activity is illustrated, by way of example, in the tables below.  The first table

illustrates examples of well-known American Airlines Marks and American Eagle

Marks.  Defendant's infringing marks are pictured in the second table.

**American Airlines Marks and American Eagle Marks**



**Defendant's Infringing Marks**



| **Defendant's Infringing Marks** |
|---|
|  |

24.     Additional photographs of vehicles, Internet advertisements, and print advertisements illustrating that American Eagle Taxi has deliberately copied and infringed the American Airlines Marks and American Eagle Marks are attached as Exhibit B.

25.     American Airlines made several attempts to notify American Eagle Taxi that its use of the American Airlines Marks and American Eagle Marks, as described above, constitutes an infringement of American Airlines' prior rights by contacting Defendant at the address provided on its advertising materials. American Airlines received no response.

26.     Defendant's unlawful acts have occurred, and are continuing to occur, in this district and in commerce, and were directed to cause, have caused, and are continuing to cause, injury to Plaintiff within this district and in commerce. Consumers who encounter Defendant's unauthorized use of the American Airlines Marks and American Eagle Marks in association with taxi services are likely to believe that Defendant and its services are related to Plaintiff or approved by, associated or affiliated with Plaintiff, when this is not the case.  In particular, Defendant, through American Eagle Taxi, provides transportation services at airports under the American Airlines Marks and American Eagle Marks, in an attempt to confuse or deceive travelers into believing that American Airlines and American Eagle either own, sponsor, endorse, or are somehow affiliated with or connected to the American Eagle Taxi cab company.

27.     The effect of Defendant's acts is to harm Plaintiff and its business reputation and to diminish the value of the American Airlines Marks and the American Eagle Marks.  Defendant's actions also confuse or are likely to confuse consumers who purchase Defendant's services into believing that those services come from or are approved by American Airlines.

28.    Defendant's use of the American Airlines Marks and American Eagle Marks, as well as marks confusingly similar to the American Airlines Marks and American Eagle Marks, in connection with transportation services, as described above, is likely to cause confusion, or to cause mistake, or to deceive the relevant public and the trade, such that the relevant public and the trade are likely to believe that Defendant and its services originate with or are related to Plaintiff, or are licensed by, sponsored or approved by, connected with, or associated or affiliated with Plaintiff, when this is not the case.

29.    As a result of the aforesaid acts by Defendant, Plaintiff has suffered and continues to suffer substantial damage and irreparable injury.  Plaintiff has no adequate remedy by law, and unless Defendant is restrained and enjoined by the Court, said acts will continue and will continue to cause damage and irreparable injury to Plaintiff, and to damage Plaintiff's goodwill and business reputation. Plaintiff cannot ascertain the precise amount of its damages at this time.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT
### (Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1))

30.    Plaintiff repeats and realleges each and every allegation of Paragraphs 1 through 29 above, as if here set forth herein.

31.    Defendant's actions, as described above, are likely to cause confusion, or to cause mistake, or to deceive consumers as to the origin, sponsorship or approval of Defendant's services and related commercial activities, in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).  Defendant's actions are likely to confuse and deceive members of the consuming public.  Plaintiff has no adequate remedy at law.

32.    By virtue of its aforementioned acts, Defendant's actions violate Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(l).

## COUNT II
## FEDERAL UNFAIR COMPETITION
### (Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a))

33.    Plaintiff repeats and realleges each and every allegation of Paragraphs 1 through 32 above, as if here set forth herein.

34.     Defendant's actions, as described above, constitute use of a false designation of origin, or a false representation, which wrongfully and falsely designates the origin of Defendant's goods and services and related commercial activities as originating from or being approved by Plaintiff, and thereby constitute a false description or representation used in interstate commerce in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).  Plaintiff has no adequate remedy at law.

35.     By virtue of its aforementioned acts, Defendant's actions violate Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

## COUNT III
## UNFAIR COMPETITION
## (VIOLATION OF O.C.G.A. § 23-2-55)

36.     Plaintiff repeats and realleges each and every allegation of Paragraphs 1 through 35 above, as if here set forth herein.

37.     Defendant uses identical or nearly identical representations of the American Airlines Marks and the American Eagle Marks, as well as marks, names and devices similar to the American Airlines Marks and the American Eagle Marks, with the intention of deceiving and misleading the public to the irreparable injury of American Airlines.

38.     Defendant's actions, as described above, are likely to cause confusion, or to cause mistake, or to deceive consumers as to the origin, sponsorship or approval of Defendant's services and related commercial activities.

39.     Defendant has been unjustly enriched as a result of the acts complained of herein, and American Airlines has been damaged in an amount not as yet determined or ascertainable.  Plaintiff has no adequate remedy at law.

40.     By virtue of is aforementioned acts, Defendant's actions violate O.C.G.A. § 23-2-55.

## COUNT IV
## UNFAIR AND DECEPTIVE TRADE PRACTICES
## (VIOLATION OF SECTION O.C.G.A. § 10-1-370, ET. SEQ.)

41.     Plaintiff repeats and realleges each and every allegation of Paragraphs 1 through 40 above, as if here set forth herein.

42.     Defendant has been and is currently passing off its services as those of American Airlines.  Defendant has also caused and is causing a likelihood of confusion or misunderstanding as to the source, sponsorship or approval of Defendant's services.  Defendant has also caused and is causing a likelihood of confusion as to Defendant's affiliation, connection or association with American Airlines, which is damaging both to American Airlines and to the public.

43.     As a result of its actions, as described above, Defendant has misappropriated valuable property rights of Plaintiff, is seeking to trade on the goodwill symbolized by Plaintiff's distinctive American Airlines Marks and the American Eagle Marks, and is thereby likely to confuse and deceive members of the purchasing public regarding the origin, sponsorship, or approval of Defendant's services and related commercial activities.  Plaintiff has no adequate remedy at law.

44.     By virtue of its aforementioned acts, Defendant's actions violate O.C.G.A. § 10-1-370, *et seq*.

## COUNT V
## COMMON LAW TRADEMARK INFRINGEMENT

45.     Plaintiff repeats and realleges each and every allegation of Paragraphs 1 through 44 above, as if here set forth herein.

46.     Defendant's use of the American Airlines Marks and American Eagle Marks, as well as marks confusingly similar to the American Airlines Marks and American Eagle Marks, has caused, and continues to cause, a likelihood of confusion, mistake or deception such that the relevant public and the trade are likely to believe that Defendant and its services originate with or are related to Plaintiff, or are licensed by, sponsored or approved by, connected with, or

associated or affiliated with Plaintiff, when this is not the case, and therefore Defendant has infringed and continues to infringe Plaintiff's American Airlines Marks and American Eagle Marks in violation of the common law of Georgia.

## COUNT VI
## COMMON LAW UNFAIR COMPETITION

47.     Plaintiff repeats and realleges each and every allegation of Paragraphs 1 through 46 above, as if here set forth herein.

48.     As a result of its actions, as described above, Defendant has misappropriated valuable property rights of Plaintiff, is seeking to trade on the goodwill symbolized by Plaintiff's distinctive American Airlines Marks and the American Eagle Marks, and is thereby likely to confuse and deceive members of the purchasing public regarding the origin, sponsorship, or approval of Defendant's goods and services and related commercial activities.  Plaintiff has no adequate remedy at law.

49.     By virtue of its aforementioned acts, Defendant has engaged in unfair competition with respect to Plaintiff in violation of the common law of Georgia.

## RELIEF REQUESTED

WHEREFORE, Plaintiff demands:

1.      That the Court award judgment to Plaintiff and against Defendant on all counts of the Complaint;

2.      That Defendant Joseph Marquez (D/B/A American Eagle Taxi Lines), and any of his co-owners, agents, servants, employees, licensors, licensees, attorneys, successors, related companies, and assigns, and all those in active concert or participation with him, be forthwith preliminarily and thereafter permanently enjoined and restrained from:

        a.      Using the American Airlines Marks, including the Scissor Eagle Design, and the American Eagle Marks, or any confusingly similar mark or designation, in connection with the marketing, promotion and sale of travel-related goods or services, including taxicab services;

        b.      Engaging in any conduct that is likely to induce the mistaken belief that Defendant's goods or services are in any way approved or sponsored by, or affiliated with, Plaintiff;

        c.      Unfairly competing with Plaintiff in any manner whatsoever; and

        d.      Causing injury to the business reputation of Plaintiff.

3.     That, pursuant to 15 U.S. C. § 1116, Defendant be directed to file with the Court and serve upon Plaintiff within thirty (30) days after issuance of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction.

4.     That, pursuant to 15 U.S.C. § 1118, Defendant be required to deliver for destruction all current inventory of materials in his possession or control that infringes the American Airlines Marks, including the Scissor Eagle Design, and the American Eagle Marks;

5.     That Plaintiff be awarded monetary relief in an amount to be fixed by the Court in its discretion as just, including:

a.     All profits received by Defendant from sales and revenues of any kind made as a result of its infringing actions and deceptive practices, said amount to be trebled;

b.     All damages sustained by Plaintiff as a result of Defendant's acts of infringement, deception and unfair competition, and that such damages be trebled;

c.     The reasonable attorneys' fees and costs incurred by Plaintiff in this matter pursuant to O.C.G.A. § 10-1-373(b) as a result of Defendant's willfully deceptive trade practices;

      d.     Statutory damages as permitted; and

      e.     Punitive damages, in view of the willful nature of Defendant's acts.

6.     That, because of the exceptional nature of this case resulting from Defendant's deliberate infringing actions, this Court award to Plaintiff all reasonable attorneys' fees, costs and disbursements incurred as a result of this action, pursuant to 15 U.S.C. § 1117.

7.     That Plaintiff shall have such other and further relief as this Court may deem just.

8.     That this action be tried before a jury.

Respectfully submitted this 26th day of September, 2012.

TROUTMAN SANDERS LLP

*/s/ Vincent Bushnell*
Thomas E. Reilly
Georgia Bar No. 600195
Vincent Bushnell
Georgia Bar No. 098999
5200 Bank of America Plaza
600 Peachtree Street, N.E.
Atlanta, Georgia 30308-2216
(404) 885-3000
(404) 885-3995 (facsimile)
*thomas.reilly@troutmansanders.com*
*vincent.bushnell@troutmansanders.com*

OF COUNSEL:

Jeffery A. Handelman (*pro hac vice*
application to be submitted)
Nicholas de la Torre (*pro hac vice* application
to be submitted)
Andrew Avsec (*pro hac vice* application
to be submitted)
BRINKS HOFER GILSON & LIONE
455 North Cityfront Plaza Drive
Chicago, Illinois  60611
(312) 321-4200

*Attorneys for Plaintiff American
Airlines, Inc.*